IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS J. JONES, | : | Case No. 3:23-cv-00076 |
| Petitioner, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| MONTGOMERY COUNTY JAIL, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner filed a *pro se* pleading titled "Motion [for] a Writ of Habeas Corpus." (Doc. 1). On March 27, 2023, the Court issued a Deficiency Order requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty days. (Doc. 2). The Order also directed petitioner to file a petition in compliance with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule." (*See id*. at PageID 8).

On May 18, 2023, petitioner filed a Motion for a Writ of Mandamus, setting forth the convictions he is challenging and his claim of ineffective assistance of counsel. (Doc. 3). However, petitioner did not submit the filing fee or file a motion for leave to proceed without prepayment of fees as directed by the March 27, 2023 Order. Accordingly, on May 19. 2023, the Court again ordered petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty days of the date of this Order. (Doc. 4).

Petitioner was advised that failure to comply with this Order would result in the dismissal of this action for want of prosecution. (*Id*. at PageID 17).

Thereafter, petitioner filed a "Brief" (Doc. 5), a Second Motion for Writ of Mandamus (Doc. 6), and a "Motion for Discovery[,] Show Cause" (Doc. 7). On June 9, 2023, mail sent to petitioner regarding his "Motion for Discovery[,] Show Cause" was returned to the Court marked "Return to Sender[,] Not Deliverable." (*See* Doc. 8).

More than thirty days have passed since the Court entered its May 19, 2023 Order, and petitioner has not paid the $5.00 filing fee or filed a motion to proceed without prepayment of fees, as ordered by the Court. Nor has petitioner updated the Court with a new address.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power to dismiss the action. *See* Fed. R. Civ. P. 41(b). Further, a *pro se* litigant has an affirmative duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)).

The undersigned Magistrate Judge concludes that the Court should dismiss this case due to petitioner's failure to diligently pursue the prosecution of this action. *Link*, 370 U.S. at 630-631. It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution. It is further **RECOMMENDED** that petitioner's pending motions (Docs. 3, 6, & 7) be **DENIED as moot.**

**IT IS SO RECOMMENDED.**

July 5, 2023                                        */s/ Caroline H. Gentry*
                                                                          CAROLINE H. GENTRY
                                                                          United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).