IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS JONES,  :

    Petitioner,

v.  :  Case No. 3:23-cv-76

MONTGOMERY COUNTY JAIL,  JUDGE WALTER H. RICE

    Respondent.  :

---

DECISION AND ENTRY REJECTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9); DISMISSING THE CASE FOR LACK OF COGNIZABLE CLAIM; OVERRULING AS MOOT PETITIONER'S MOTIONS FOR WRITS OF MANDAMUS (DOC. ##3, 6) AND FOR DISCOVERY/SHOW CAUSE (DOC. #7); DENYING RIGHT TO APPEAL IN FORMA PAUPERIS; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Caroline H. Gentry's Report and Recommendations. Doc. #9. This Court has reviewed said report and recommendations, the applicable law, and has conducted a thorough *de novo* review as well of the entire file, including the petition, motions for writs of mandamus, motion for discovery, and related filings. Doc. ##1, 3, 5, 6, 7. For the reasons set forth below, the Court rejects the Report and Recommendations, Doc. #9, dismisses the case as Petitioner's claims are not cognizable under the captioned state court cases, and overrules as moot Petitioner's motions for writs of mandamus, Doc. ##3, 6, and motion for discovery/show cause. Doc. #7.

I.      **Procedural Background**

On March 14, 2023, Petitioner Thomas Jones ("Petitioner" or "Jones") filed the instant Petition for Writ of Habeas Corpus, Doc. #1, under 28 U.S.C. § 2254. However, Petitioner failed to submit his petition using the proper paperwork, pay the filing fee, or move to proceed *in forma pauperis*, so on March 27, 2023, Magistrate Judge Gentry issued a Deficiency Order, Doc. #2, requiring Petitioner to remedy these deficiencies within thirty (30) days. On May 18, 2023, sixty-five (65) days after the Deficiency Order, Doc. #2, was filed, Petitioner filed a Motion for Writ of Mandamus. Doc. #3. On May 19, 2023, Magistrate Judge Gentry issued a Second Deficiency Order, Doc. #4, again ordering the Petitioner to pay the filing fee or move for leave to proceed *in forma pauperis* within thirty (30) days. On May 22, 2023, Petitioner filed a brief, Doc. #5, and a Second Motion for Writ of Mandamus. Doc. #6. Then, on May 30, 2023, he filed a Motion for Discovery, Show Cause. Doc. #7. On June 9, 2023, the Court's attempt to serve Petitioner with proof of filing his Motion for Discovery, Doc. #7, was retuned as undeliverable and unable to forward. Doc. #8. On July 5, 2023, Magistrate Judge Gentry filed a Report and Recommendation, Doc. #9, recommending that the matter be dismissed for want of prosecution and that all of Petitioner's motions be denied as moot. On July 19, 2023, the Court's attempt to serve Petitioner with the Report and Recommendations, Doc. #9, was also retuned as undeliverable and unable to forward. Doc. #10. No objections were ever filed to the Report and Recommendation.

2

**II.     Analysis**

Since filing his petition, Jones has not paid the filing fee or sought leave from this Court to proceed *in forma pauperis* despite two orders from Magistrate Judge Gentry to remedy said deficiencies. Doc. ##2, 4. Instead, Petitioner has continued to make various filings—self-titled as motions for writs of mandamus and for discovery/show cause, Doc. ##3, 6, 7—the last of which he filed on May 30, 2023. Doc. #7. Since that filing, the Court has twice attempted service on Petitioner at the Montgomery County Jail, both of which were returned as undeliverable and unable to forward. Doc. ##8, 10. The most recent failure of service was regarding Magistrate Judge Gentry's Report and Recommendation that the case be dismissed for want of prosecution. Doc. #10.

Montgomery Country public records for Jones's two criminal cases show that he was sentenced to 5 years' probation. *State v. Jones*, 2020-CR-3626, ECF 35948560; *State v. Jones*, 2020-CR-4007, ECF 35948558. But, as of May 4, 2023, Petitioner had to serve 30 days in Montgomery County Jail after a modification of the community control sanctions set upon him. *State v. Jones*, 2020-CR-3626, ECF 399488107; *State v. Jones*, 2020-CR-4007, ECF 303985523. That community control was terminated on June 5, 2023, because, while the Montgomery Court of Common Pleas found "that the Defendant has not met all of the conditions of community control, … an extension of the community control period will serve no further benefit." *State v. Jones*, 2020-CR-3626, ECF 461563565; *State v. Jones*, 2020-CR-4007, ECF 168080043. The County's

3

records also indicate the Petitioner is "at large." *State v. Jones*, 2020-CR-3626, Case Summary.

28 U.S.C. § 2254 provides an avenue for federal courts to hear petitions for writs of habeas corpus from "a person *in custody* pursuant to the judgment of a State court." (emphasis added). *See also Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2254(a)) ("Federal courts may 'entertain an application for a writ of habeas corpus [o]n behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'"). Additionally, for the purposes of § 2254, an individual will still be considered "in custody" if "he is subject to 'significant' post-release 'restraints on [his] liberty' that are 'not shared by the public generally.'" *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (alteration in original) (quoting *Jones v. Cunningham*, 371 U.S. 236, 238 (1963)).

Based on the Court's inability to serve documents on Petitioner at the Montgomery County Jail, and the information publicly available regarding Petitioner's change in carceral status, it is apparent to this Court that Petitioner is no longer "in custody" for the purposes of 28 U.S.C. § 2254 habeas relief. The available public records indicate that Petitioner no longer resides in the Montgomery County Jail, and that his community control conditions as a part of his probation have been terminated. Therefore, because there are no "restraints on

[Jones's] liberty" that this Court can redress by a writ of habeas corpus, Petitioner has no cognizable claim for relief.

The Report and Recommendation, Doc. #9, urges that the matter be dismissed for want of prosecution and, subsequently, overrule Petitioner's outstanding motions as moot. However, as previously stated, because Petitioner is no longer "in custody," he no longer has a cognizable claim for relief and thus cannot prosecute a claim that is invalid. However, for this reason, Petitioner's self-styled motions for writs of mandamus and for discovery/show cause, Doc. ##3, 6, 7—while materially little more than *de minimis* educational briefs rather than substantive pleadings—are moot as this Court cannot grant Petitioner any relief absent a cognizable claim.

### III.    Conclusion

Based on the foregoing, the Court REJECTS the Report and Recommendations of the Magistrate Judge, Doc. #9, and dismisses the case due to the Petitioner's claims no longer being cognizable. The Court also overrules as moot Petitioner's motions for writs of mandamus, Doc. ##3, 6, and for discovery/show cause. Doc. #7.

Based on Petitioner's failure to present a cognizable claim of a denial of a constitutional right and, further, given that any appeal would be objectively frivolous, Plaintiff is denied leave to appeal *in forma pauperis*. *See* U.S.C. § 1915(a)(3).

Judgement shall be entered in favor of the Respondent and against the Petitioner. The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 24, 2023

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE